**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SARAH MCGRATH<br>6159 Crest Valley Lane<br>Loveland, OH 45140 | : <br>: <br>: <br>: | Case No. 1:25-cv-00123 |
| Plaintiff, | : <br>: | |
| v. | : <br>: | |
| XAVIER UNIVERSITY<br>c/o Rebecca L. Cull, Esq.<br>3800 Victory Parkway<br>Cincinnati, OH 45207 | : <br>: <br>: <br>: <br>: | **COMPLAINT WITH JURY DEMAND** |
| Defendant. | : | |

Plaintiff Sarah McGrath, complaining of Defendant Xavier University, states as follows:

## **PARTIES**

1. Plaintiff Sarah McGrath ("Plaintiff") is a resident and citizen of the State of Ohio and a citizen of the United States.

2. Defendant Xavier University ("Xavier" or "Defendant") is an Ohio not for profit corporation doing business in Ohio with its principal place of business in Ohio.

3. Defendant is an employer under federal and Ohio law and is liable for the claims brought in this complaint.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Count I arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and Count III arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615, *et. seq.* ("FMLA").

1

5. This Court has supplemental jurisdiction over the remaining Count pursuant to 28 U.S.C. § 1367, because it arises out of the same set of operative facts as those relevant to Counts I and III so as to make it part of the same case in controversy.

6. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to these claims occurred in this division and district.

7. Plaintiff timely filed a Charge of Discrimination regarding disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and with the Ohio Civil Rights Commission ("OCRC") under the EEOC's work-sharing agreement with the OCRC.

8. Plaintiff was issued a Notice of Right to Sue from the EEOC under the OCRC work-sharing agreement, and this Complaint is filed within 90 days of the EEOC's Notice.

## FACTUAL ALLEGATIONS

9. Defendant is a private university that is located and operates in Cincinnati, Ohio.

10. Plaintiff was employed by Defendant at its College of Nursing from August 2015 until Defendant terminated her on or about May 15, 2024.

11. Plaintiff's last position was a Senior Teaching Professor.

12. Plaintiff was a loyal and dedicated employee of Defendant and was fully qualified for her position at all times. She was consistently praised throughout her employment for her teaching and professionalism and received two nominations for Best Teacher of the Year.

13. Plaintiff has been disabled by sick building syndrome since 2018. Her disability is triggered by mold, to which she is severely allergic.

14. Defendant has known of Plaintiff's disability and her severe mold allergy since her diagnosis in 2019.

15. At the time of her diagnosis, Plaintiff's doctor submitted a written accommodation request to Defendant for Plaintiff to be removed from any moldy environment.

16. This accommodation was received and approved by Human Resources.

17. In spite of the accommodation request and approval, Plaintiff was placed in a moldy classroom twice again, once in 2022 requiring hospitalization.

18. When Plaintiff reminded administration and Human Resources in spring of 2022 that she had accommodation in place to be kept away from mold, Human Resources told Plaintiff that they had no record of her request or approval.

19. In the spring 2023, Defendant failed to inform Plaintiff of planned and ongoing mold restoration work in her building and classroom, causing Plaintiff to be unable to work in the building due to her disability.

20. Plaintiff once again reminded administration and Human Resources that she had an accommodation in place to be kept away from mold and again provided Defendant with medical information confirming her need for accommodation.

21. Human Resources and the College Dean, Dr. Nezam Al-Nsair, refused to move her class and denied her request to teach remotely, even though Plaintiff had been doing so for two weeks after she had to leave her classroom due to the mold.

22. Defendant's Office of Human Resources is large and sophisticated, serving thousands of employees.

23. At no time was Plaintiff offered intermittent or continuous medical leave for any time off she took off due to her disabilities, even though the University was required to notify her of her eligibility for leave each time management or Human Resources learned she had taken time off for a serious health condition.

24. Since 2021, Defendant has retaliated against Plaintiff for her request for accommodation by assigning her a higher course load than other, non-disabled Teaching Professors.

25. This escalated with even more courses assigned in the fall of 2023.

26. Defendant also never gave Plaintiff the substantial raise promised her upon her promotion in October 2023.

27. Plaintiff informed Dr. Al-Nsair and Human Resources that the heavy course load, in addition to her deteriorating physical health, was impacting her mental wellbeing.

28. Plaintiff's disabilities caused her to be off work completely during Christmas break in 2023.

29. Plaintiff decided to leave the University to safeguard her physical and mental health, and she told Dr. Nezam Al-Nsair she intended to resign for these reasons.

30. Shortly thereafter, in a meeting on or about February 27, 2024, Dr. Nezam Al-Nsair reassured Plaintiff that he would take more care in the future and pleaded with her to rescind her resignation, even though Plaintiff told him she had two other offers of employment.

31. Based on Dr. Al-Nsair's assurances, Plaintiff agreed to stay and rejected the offers.

32. But Dr. Al- Nsair then informed Plaintiff that after he spoke to Human Resources, the University had decided to not let her stay and her employment would be terminated at the end of the semester.

33. Plaintiff's health worsened from the stress of facing unemployment, and in May 2024 she finally initiated an application for FMLA leave after finding out on her own that she was eligible. The leave was approved.

34. Plaintiff is aware of at least two other faculty with disabilities who were forced to quit after being retaliated against by University management.

35. Defendant engages in a pattern and practice of discrimination against disabled employees.

36. Defendant engages in a pattern and practice of retaliation against employees who request accommodation.

37. Defendant engages in a pattern and practice of interfering with employee's FMLA rights.

## COUNT I

### (Disability Discrimination – ADA)

38. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

39. Plaintiff is disabled.

40. Plaintiff's disability significantly impacts her major life activities, including but not limited to breathing, sleeping, and her major bodily function of immunobiology.

41. Plaintiff was fully qualified for her position and could perform the essential functions of her job at all relevant times, with or without accommodation.

42. Plaintiff requested reasonable accommodation for her disability.

43. Plaintiff complained to Defendant that it was not reasonably accommodating her disability.

44. Defendant willfully and maliciously discriminated and retaliated against Plaintiff, including by refusing her reasonable requests for accommodation, increasing her workload, denying her compensation, and terminating her, in reckless regard of the ADA.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under the ADA.

## COUNT II

### (Disability Discrimination – O.R.C. Chapter 4112)

46. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

47. Plaintiff is disabled.

48. Plaintiff's disability significantly impacts her major life activities, including but not limited to breathing, sleeping, and her major bodily function of immunobiology.

49. Plaintiff was fully qualified for her position and could perform the essential functions of her job at all relevant times, with or without accommodation.

50. Plaintiff requested reasonable accommodation for her disability.

51. Plaintiff complained to Defendant that it was not reasonably accommodating her disability.

52. Defendant willfully and maliciously discriminated and retaliated against Plaintiff, including by refusing her reasonable requests for accommodation, increasing her workload, denying her compensation, and terminating her, in reckless regard of O.R.C. Chapter 4112.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under O.R.C. Chapter 4112.

## COUNT I

### (Willful FMLA Interference)

54. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

55. Plaintiff had a serious health condition at all relevant times.

56. Plaintiff's serious health condition caused her to be intermittently and continuously unable to perform essential functions of her job.

57. Plaintiff availed herself of her right to FMLA leave for her serious health condition ability by properly notifying Defendant of her need for leave and the reasons for leave.

58. Defendant willfully and maliciously interfered with Plaintiff's FMLA rights, including by not permitting her to take FMLA leave and by refusing to notify her that she was eligible for FMLA leave, in reckless disregard of the FMLA.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated to her employment;

(b) That Defendant be enjoined from further unlawful activity;

(c) That Plaintiff be awarded all past, present, and future lost compensation and benefits and the value thereof;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded prejudgment interest;

(i) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation or benefits over separate tax years; and

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Tuck
Elizabeth S. Tuck (0076542)
Trial Attorney for Plaintiff
THE TUCK FIRM, LLC
810 Sycamore Street, Fourth Floor
Cincinnati, OH  45202
Phone: (513) 545-6781 / *lisa@tuckfirm.com*
Fax: (513) 263-9081

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth S. Tuck